The State v. Bateswell.

---

THE STATE v. BATESWELL, *Appellant.*

DIVISION TWO.

Criminal Law : ARREST : RESISTING OFFICER. Where an officer making an arrest of one charged with an assault with intent to kill makes known to the latter his official character, or such fact is otherwise known to the person sought to be arrested, it is the latter's duty to submit to the arrest, and he is not justifiable in resisting and wounding the officer.

*Appeal from Lawrence Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

. *J. M. & J. V. McPherson* for appellant.

*John M. Wood*, Attorney General, for the State.

( 1 ) No exceptions were saved on the admission or exclusion of evidence, and the testimony will not be reviewed. *State v. Burke*, 89 Mo. 637, and authorities cited. ( 2 ) The only instructions objected to were instructions, numbered 3 and 4. These instructions properly declare the law, and are fully sustained by the following cases: *State v. Fuller*, 96 Mo. 165; *State v. Dierberger*, 96 Mo. 666; *State v. Dierberger*, 90 Mo. 369; *State v. McNally*, 87 Mo. 644; *State v. Hoffman*, 78 Mo. 256; *State v. Grant*, 76 Mo. 236; Kelley, Criminal Law, sec. 55, and following.

GANTT, P. J.—Defendant was indicted in the cir-- cuit court of Lawrence county at February term, 1889, for felonious assault upon W. P. Wright in March, 1888. The indictment was drawn under section 1262, Revised Statutes, 1879. Defendant immediately after the shooting for which he was indicted left the state, and according to his testimony spent his time in Kansas, Arkansas, Louisiana, Texas and Colorado. He was finally apprehended in jail at Fort Smith, Arkansas.

The facts as developed by the evidence showed that defendant was a carpenter in 1887, at work in the mining town of Aurora, Lawrence county. He had some difficulty with Coleman, the town marshal, and it would seem shot at him. Coleman made complaint before Talbott, a justice of the peace, and obtained a warrant for the arrest of defendant on the charge of felonious

assault. Goodman was the constable of Aurora township, and the prosecuting witness, W. P. Wright, was his regularly appointed and duly qualified deputy. This warrant was placed in Wright's hands to make the arrest of defendant.

After defendant had his difficulty with Coleman, he left Aurora and went to his father's residence near Chesapeake, in Turn Back township, in said county. Thither Wright followed him, taking with him one Lawler. Having located his man, he remained all night at a neighbor's, and early next morning about daylight, according to the state's, and before light, according to defendant's, evidence, he went to the Bateswell residence. He knocked at the front door, and sent Lawler to the back door. According to Wright's evidence he waked the family, and, upon Bateswell inquiring who it was or what he wanted, he made known his name, and that he was an officer with a warrant for Bateswell's arrest for the Coleman difficulty. All parties agree that Bateswell, instead of submitting to the arrest, attempted to escape out of the back door. When he reached the ground he discovered Lawler there and leveling his revolver at him compelled him to throw up his hands. As soon as Wright discovered Bateswell had gone out of the back door, he hurried around the house and came upon the parties just as Bateswell had Lawler with his hands up. Here the usual conflict in evidence occurs. Wright swears Bateswell ordered him to throw up his hands and fired almost instantly, and that he fired nearly at the same time, whereas Bateswell testifies that Wright began to fire upon him; that it was so dark he could only see the outlines of a man; that he didn't know Wright; didn't know he was an officer, and only shot to defend his life from what he considered an outrageous assault upon himself. The state showed the official character of the marshal, Coleman, the constable, Goodman, the deputy constable, Wright; of the justice of the peace, Tolbert or

Talbott; the making of the affidavit; the issuance of the warrant; the placing of it in Wright's hands; that Wright was dangerously wounded and permanently disabled by the shots of defendant, in resisting the arrest.

The case turned principally upon defendant's knowledge of the official character of Wright, and of his knowledge of Wright's business at his house that morning. Defendant claimed that he did not know Wright; did not know he was an officer; did not know he had a warrant; that Wright did not inform him he had a warrant for his arrest; that Wright shot him first, and he shot in defense of himself in ignorance of Wright's official character, and of his having a warrant.

The court instructed fully on all features of the case. No exceptions were saved to the admission or rejection of any testimony in the case, and no exceptions to any of the instructions except two, numbered 3 and 4, which are as follows: "3. If you believe from the evidence that W. P. Wright was a deputy constable, or acting as such under written appointment from the constable of Aurora township, Lawrence county, Missouri, at the time of the difficulty, and had a warrant for the arrest of defendant, issued by a justice of the peace of Lawrence county, Missouri, on a charge against defendant for assault with intent to kill one Coleman, and had informed said defendant that he had such warrant for his arrest, then defendant would not be authorized to resist such arrest, or to shoot said Wright to prevent such arrest. And if Wright was such officer, and had said warrant, and defendant was armed with a revolver or pistol, and was aware that Wright was attempting to arrest him, and defendant unlawfully resisting arrest, then Wright would be authorized to use force necessary to effect his arrest, and if defendant, under such circumstances, shot

Wright with intent to kill him, he would not be justified, and cannot be acquitted on the ground of self-defense, or that he was resisting such arrest—even if you believe said Wright shot first, unless shooting by Wright was unnecessary to effect such arrest.

"4. If you believe from the evidence that complaint had been made before a justice of the peace of Lawrence county, Missouri, charging defendant with assaulting one Coleman with intent to kill, and that W. P. Wright was a deputy constable of Aurora township, of Lawrence county, Missouri, or acting as such deputy constable under an appointment from the constable of said township, and that Wright had good reason to believe from said complaint that defendant was guilty of said charge, then, even if you believe from the evidence that Wright had no warrant with him at the time, yet, if you believe that Wright had left said warrant at home, or that same was in the hands of said constable, said Wright would have a right to arrest defendant without having such warrant present with him, provided he informed defendant that he was about to arrest him on said charge, and that he was an officer, or defendant knew he was an officer, and was using no more force than was necessary to effect such arrest."

And at defendant's request the court gave the following instructions, numbered 6 and 7: "6. The court instructs the jury that, unless they believe from the evidence that Wright, at the time he attempted to arrest defendant, disclosed to said defendant his (Wright) official position as an officer of the law, or that said official position was at the time known to said defendant, or that said Wright informed defendant that he had a warrant for his (defendant) arrest, and informed defendant of its contents, or stating the substance of its contents, then defendant had a right to resist such attempted arrest, and to use such means as at the time were reasonably necessary to prevent the said arrest.

"7. If the jury believe from the evidence that Wright did not inform defendant of his official position, and that Wright did not inform defendant that he had a warrant for his arrest, nor exhibit any warrant, nor inform defendant of its contents by reading the same, or stating the substance of its contents, and that, in attempting to arrest defendant under such circumstances, Wright by his act was giving defendant reasonable cause to apprehend that his life was in danger, and that Wright was about to do him some great bodily harm, and he had reasonable cause to apprehend immediate danger of such purpose on the part of Wright being accomplished, and that defendant shot said Wright to prevent the accomplishment of such purpose, you should acquit the defendant, on the ground that such shooting was justifiable in law because done in self-defense ; and in order to acquit on the ground of self-defense it is not necessary that the danger should have been real or actual, or that such danger should have been actually impending, or about to fall on defendant ; it is only necessary that the jury should believe that the defendant had reasonable cause to apprehend that there was immediate danger of a design to kill him, or do him some great bodily harm, and the same was about being accomplished by Wright ; but it is not enough that defendant believed he was in danger, he must have reasonable cause to so believe ; and if defendant shot Wright unnecessarily, or in resisting a lawful arrest, attempted in a lawful manner, there can be no self-defense in the case."

These instructions taken all together are a correct exposition of the law of this case, and the respective rights of the officer and the defendant. It was fairly and fully, left to the jury, to find whether the deputy constable made known to defendant the fact that he was an officer, and · had a warrant for his arrest, or whether defendant had knowledge of this fact, independently of the information given by the deputy

constable at the time.   If he did, it was his duty as a citizen to submit to the arrest.   *State v. Dierberger*, 96 Mo. 666 ; *State v. Fuller*, 96 Mo. 165 ; *State v. Underwood*, 75 Mo. 230.

On the other hand, it was left to the jury if they believed the defendant and his wife, to find that he was fully justified in shooting Wright in self-defense.

The court accorded him every right recognized by the law.   The jury found the facts against him, and it was their province to do so.   The judgment is affirmed. All concur.